**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12 CR 099**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **RALPH WILLIAM ADAMSON.** | ) | |
| _____ | ) | |

     **THIS CAUSE** coming on to be heard before the undersigned, pursuant to a letter (#9) dated January 13, 2013 sent from Defendant requesting that counsel be substituted for Frank Abrams to defend Defendant in this matter and pursuant to a Motion to Withdraw as Attorney of Record (#10) filed by Mr. Abrams requesting permission to withdraw as counsel of record for Defendant. At the call of this matter on for hearing it appeared that Defendant was present with his counsel Mr. Frank Abrams and the government was represented by Assistant United States Attorney Richard Edwards. From the records in this cause and from information contained in a sealed proceeding, the Court makes the following findings.

     **Findings.** The hearing of the petition filed in this matter has not yet been scheduled although the hearing was previously continued upon motion of Defendant's counsel. The undersigned conducted a sealed hearing to make an inquiry as to the reasons why Defendant did not wish for Mr. Abrams to represent

1

him further in this case. The hearing was a sealed proceeding to prevent the disclosure of confidential or privileged information concerning conversations between Defendant and Mr. Abrams. The hearing will appear in the record of this cause as a sealed proceeding.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986) The determination of whether or not a motion for substitution of counsel should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983) In considering the letter presented by Defendant and the motion herein, the undersigned has considered the following factors: (1) the timeliness of the motion; (2) inquiry as to the reasons why Defendant has made the request for substitution of counsel; and (3) whether or not there is such a conflict between Defendant and Mr. Abrams that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988)

As stated above, the scheduling of the hearing concerning the allegations in the petition has not been scheduled. The undersigned will weigh this factor in

favor of granting the motions.

The undersigned made an inquiry of Defendant and Mr. Abrams as to the reasons for the conflict between Defendant and his attorney. From the inquiry made, the undersigned cannot find there is any valid reasons for the request of Defendant. Mr. Abrams has worked diligently for Defendant and has given Defendant a review of Mr. Abrams' experienced opinions concerning charges against Defendant. However, it appears Defendant has rejected those opinions. This degree of conflict must weighed in favor of granting the motions.

The Court has further examined this matter to determine whether or not there is such a conflict between Mr. Abrams and Defendant that is so great that it is resulting in a total lack of communication between them preventing an adequate defense. At this time, it does appear there is a degree of conflict between Defendant and Mr. Abrams that would hinder an adequate defense in this matter.

After considering all of the factors, it appears there is time before hearing of the petition within which to appoint another attorney to represent Defendant. As a result of the inquiry made by the undersigned, it appears there is sufficient reason to appoint another attorney in that there does appear to be a lack of communication between Defendant and Mr. Abrams that could prevent an adequate defense.

Based upon the foregoing, the undersigned has determined to enter an Order allowing Defendant's motion and the motion of Mr. Abrams.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the motion of Defendant (#9) and the Motion to Withdraw as Attorney of Record (#10) are hereby **ALLOWED.** It is further **ORDERED** that Mr. Abrams is hereby allowed to withdraw as counsel for Defendant in this case. The Court further orders that the Clerk of Court provide a copy of this Order to the Federal Defenders Office for the Western District of North Carolina and the Federal Defender appoint substitute counsel to represent Defendant in all further proceedings this matter.

Signed: February 7, 2013

Dennis L. Howell
United States Magistrate Judge